# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WAYNE ARNETT,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN COMPANY, INC.,<br><br>Defendant. | Case No. 1:13-cv-02066-LJO-MJS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CORRECT DOCKET**<br><br>**(ECF No. 4)**<br><br>**ORDER DENYING SERVICE AND STRIKING PLAINTIFF'S NOTICE OF SERVICE WAIVER**<br><br>**(ECF No. 5)**<br><br>**ORDER STRIKING COMPLAINT AND REQUIRING PLAINTIFF TO FILE COMPLAINT SIGNED BY EACH UNREPRESENTED PARTY**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Timothy Wayne Arnett, is proceeding pro se and in forma pauperis in this action. Plaintiff's Complaint is before the Court for screening. Also before the Court are Plaintiff's motions to correct the docket and for service by waiver.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by individuals proceeding in

forma pauperis. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

## II.  DISCUSSION

### A.  Complaint Unsigned

Every pleading must be signed personally by each unrepresented (in pro se) party. Fed. R. Civ. P. 11(a). Plaintiff is proceeding in pro se. As he is not a licensed attorney, Plaintiff does not have standing to assert the rights of any other person. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80 (1978) (party must assert [his] own rights not those of third parties); accord Warth v. Seldin, 422 U.S. 490, 499 (1974). The Court must strike an unsigned pleading. Fed. R. Civ. P. 11(a).

The Complaint is not signed by Plaintiff Karen Suzanne Page. Timothy Arnett cannot sign on her behalf. Accordingly, the Complaint shall be stricken from the record. Plaintiff has thirty days to file a complaint that complies with Federal Rule of Civil Procedure 8(a)[1] and is signed by each unrepresented party.

### B.  No Cognizable Claim

Even if the current Complaint were signed, it sets forth no cognizable claim for relief.

#### 1.  Wrongful Death Claim

The parents of a childless decedent may bring a wrongful death action where a

---

[1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.

wrongful act or neglect caused the death. Cal. Civ. Proc. Code § 377.60(a); Nelson v. Count of Los Angeles, 113 Cal.App.4th 783, 789 (2003). Wrongful death actions are deemed to be "joint, single and indivisible" and all successor in interest claimants must be joined in the single action. Corder v. Corder, 41 Cal.4th 644, 652 (2007). The claimant who brings the action is responsible for joining all other known claimants. Hall v. Superior Court, 108 Cal.App.4th 706, 715 (2003).

Joint Plaintiff Karen Suzanne Page, the alleged mother of decedent, did not sign the pleading signifying her joinder in this action. The pleading is deficient under the single action rule.

### 2. Medical Malpractice

Plaintiff contends Defendant Walgreen Company, Inc., ("Walgreen") wrongfully dispensed prescription drugs to decedent August Arnett, Timothy Arnett's son, leading to complications from substance abuse, addiction and death.

#### a. Requirements for Survival Claim

A claim held by decedent and surviving his death may be brought by those real parties in interest (CCP 367) who succeed him by will or intestacy. Cal. Civ. Proc. Code §§ 377.10, 377.11, 377.30, 377.31; Olson v. Toy, 46 Cal.App.4th 818, 822 (1996). Plaintiff desires to bring suit as successor in interest to decedent on an alleged state law medical malpractice claim. In California, a successor in interest must execute and file an affidavit or a declaration under penalty of perjury stating all of the following:

> (1) The decedent's name.
> (2) The date and place of the decedent's death.
> (3) "No proceeding is now pending in California for administration of the decedent's estate."
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
> (5) Either of the following, as appropriate, with facts in support thereof:
>   (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

3

    (B) "The affiant or declarant is authorized to act on behalf of
the decedent's successor in interest (as defined in Section 377.11 of
the California Code of Civil Procedure) with respect to the decedent's
interest in the action or proceeding."
    (6) "No other person has a superior right to commence the action
or proceeding or to be substituted for the decedent in the pending
action or proceeding."
    (7) "The affiant or declarant affirms or declares under penalty of
perjury under the laws of the State of California that the foregoing
is true and correct."
  (b) Where more than one person executes the affidavit or
declaration under this section, the statements required by
subdivision (a) shall be modified as appropriate to reflect that
fact.
  (c) A certified copy of the decedent's death certificate shall be
attached to the affidavit or declaration.

Cal. Civ. Proc. Code § 377.32. The instant pleading does not satisfy these requirements.

        b.      **Employer Liability**

An employer may be liable for the torts of its agent or employee committed during employment. See Cal. Civ. Code § 2338; Johnston v. Long, 30 Cal.2d 54, 61 (1947).

Generally, to establish a claim against an employer for the negligence of an employee, a plaintiff must show that (1) there was an employment relationship between the defendant, as employer, and the person or employee whose negligence caused the plaintiff's injury, and (2) the defendant's employee was acting within the scope of his or her employment when he or she negligently caused the plaintiff's injury. See e.g., Hartline v. Kaiser Foundation Hospitals, 132 Cal.App.4th 458, 465 (2005).

The Complaint does not allege any predicate act of negligence by a licensed pharmacist employed by Walgreen or name a Walgreen pharmacist as a defendant.

**C.    Motion to Correct Docket**

Plaintiff claims he represents named joint Plaintiff Karen Suzanne Page and moves that the docket be corrected to reflect her appearance and the Complaint's demand for jury trial (ECF No. 4). However, since Ms. Page did not sign the Complaint and Plaintiff may not represent her, Ms. Page is not a party to this action. In any event, the Complaint is to be stricken for the reasons noted above. There docket is not in need

4

of correction.

### D. Motion for Service and Notice of Service Waiver

Plaintiff seeks service and filed a purported notice for Defendant's waiver of personal service (ECF No. 5). However, for the reasons stated above the Complaint is deficient, states no cognizable claim and is to be stricken. Service is not appropriate at this time.

## III. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to correct the docket (ECF No. 4) is DENIED,
2. The motion for service is DENIED and the notice of service waiver (ECF No. 5) shall be STRICKEN from the record,
3. The Complaint (ECF No. 1) shall be STRICKEN from the record,
4. Within **thirty (30) days** from the date of service of this Order, Plaintiff must file a complaint, consistent with this Order, signed by each unrepresented party, and
5. The failure to comply with this Order may result in dismissal of the action.

IT IS SO ORDERED.

Dated:   March 31, 2014                      /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE