UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WAYNE ARNETT, individually and KAREN SUZANNA PAGE, individually, in their capacity as successors-in-interest for decedent AUGUST TIMOTHY ARNETT<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN COMPANY, INC., aka ("Walgreens") and UNKNOWN LICENSED PHARMACISTS AT WALGREENS STORE #02865<br><br>Defendants. | 1:13-CV-02066-LJO-MJS<br><br>ORDER ON MOTION TO DISMISS<br>(Doc. 14) |

## I. INTRODUCTION

On April 18, 2014, Plaintiffs Timothy Wayne Arnett and Karen Suzanne Page ("Plaintiffs") brought a medical malpractice and wrongful death action on behalf of their son Timothy Arnett against Walgreen Company, Inc. ("Defendant"). Defendant filed a motion to dismiss arguing that the statute of limitations has run on Plaintiffs' claims.

## II. FACTUAL AND PROCEDURAL HISTORY

Timothy Arnett ("Deceased") passed away on January 25, 2010. Doc. 8 at 2. According to the Stanislaus County Coroner, Deceased died of broncho-pneumonia, however, Plaintiffs believe that his death was due to an abuse of prescription drugs. Doc. 8 at 18. Plaintiffs allege that Defendant is responsible for Deceased's wrongful death. Plaintiffs filed their initial complaint on December 19, 2013. Doc. 1. Subsequently Plaintiffs filed a first amended complaint on April 18, 2014 asserting medical

1

malpractice and wrongful death claims against Defendant. Doc. 8 at 3-5. On December 8, 2014, Defendant made a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) ("12(b)(6) motion") asserting that the statute of limitations had run on Plaintiffs' claims. Doc. 14 at 5. Plaintiffs filed an opposition on December 29, 2014. Doc. 15. Defendant replied on January 8, 2015.

### III. STANDARD OF DECISION

When a federal court reviews the sufficiency of a complaint before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."*Scheurer v. Rhodes,* 416 U.S. 232, 236 (1974). A 12(b)(6) motion is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."*Balisteri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). A 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

In addressing a motion for dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643, n. 2 (9th Cir. 1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). A court need not permit an attempt to amend if "it is clear that

the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 546 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D.Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly,* 550 U.S. at 562. The Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 989 (9th Cir.2009) (Citations omitted).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.... Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.... Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

Moreover, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense."*Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir. 1984). For instance, a statute of limitations defense may be raised by a 12(b)(6) motion to

3

dismiss. *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). A 12(b)(6) motion to dismiss may raise the statute limitations defense when the statute's running is apparent on the complaint's face. *Jablon,* 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Id.*

## IV. DISCUSSION

As Defendant is a health care provider being sued for medical malpractice, California Code of Civil Procedure Section 340.5 governs the applicable statute of limitations. Cal. Civ. Proc. Code § 340.5 states:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person.

In the case at hand, the death occurred on January 25, 2010, however, Plaintiffs failed to file a complaint until December 19, 2013, almost a year after the three year maximum allowed by Cal. Civ. Proc. Code § 340.5.

The statute clearly states, "in no event shall the time for commencement of legal action exceed three year unless tolled." *Id*. In the first amended complaint, Plaintiffs fail to provide a reason that the statute should be tolled. Plaintiffs do include an argument regarding the statute of limitations in their opposition, arguing that they did not receive the records that suggest Walgreens' culpability until October 11, 2013. Doc. 15 at 7. However, "in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broam v. Bogan*, 320 F.3d 1023, 1026 (9th Cir. 2003)

4

(citations omitted).

Even if Plaintiffs were to amend their complaint to include allegations regarding these records, any such amendment would be futile. "Essential justice requires prevention of the imposition of liability upon [medical providers] who, because of the passage of time, have become disempowered to present meritorious defenses." *Ashley v. United States*, 413 F.2d 490, 493 (9th Cir. 1969). Plaintiffs did not request the records until June 21, 2013. Doc. 15 at 6. Plaintiffs requested the records only after he found a partial record from Walgreens among Deceased's possessions in January 10, 2013. Plaintiffs waited almost six months after the statute of limitations expired to request a full copy of Deceased's records from Defendant.

Cal. Civ. Proc. Code § 340.5 provides three reasons why the statute of limitations may be tolled; (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. In their opposition, Plaintiffs argue that the statute of limitations should be tolled because the initial records they discovered were fraudulent as they did not provide Deceased's complete prescription history. There is no indication that Defendant made any representation that the records initially discovered by Plaintiffs were complete. Indeed, upon proper request for a complete set of records, Defendant complied. Plaintiff failed to provide any facts that suggest fraudulent concealment. Plaintiffs do not present any argument that the statute of limitations should be tolled due to intentional concealment or the presence of a foreign body.

Moreover, facts raised for the first time in a plaintiff's opposition papers should be considered by the court only to determine whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Orion Tire Corp. v. Goodyear Tire & Rubber Co.,* 286 F. 3d 1133, 1137-38 (9th Cir. 2001). Federal Rule of Civil Procedure 15(a)(2) states that leave to

5

amend a complaint should be "freely given when justice so requires." Fed.R.Civ.P. 15(a)(2); *Moss v. United States Secret Serv.,* 572 F.3d 962, 972 (9th Cir. 2009). Such dismissal generally should be with leave to amend unless it is clear the complaint cannot be saved by any amendment. *Sparling v. Daou,* 411 F.3d 1006, 1013 (9th Cir. 2005). It is clear that Plaintiffs have no valid reason for allowing the statute of limitations to expire before filing a claim. Therefore there is an incurable defect in Plaintiffs' claims which cannot be saved by amendment.

## V. CONCLUSION AND ORDER

For the reason discussed above, the Defendant's motion to dismiss is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: **January 15, 2015**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE