UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMOTHY WAYNE ARNETT,** | 1:13-CV-02066-LJO-MJS |
| **Plaintiff,** | **ORDER DENYING MOTION FOR RECONSIDERATION FOR LACK OF JURISDICTION (Doc. 26)** |
| v. | |
| **WALGREEN COMPANY, INC., aka ("Walgreens") and UNKNOWN LICENSED PHARMACISTS AT WALGREENS STORE #02865** | |
| **Defendants.** | |

On April 18, 2014, Plaintiff Timothy Wayne Arnett ("Plaintiff") brought a medical malpractice and wrongful death action on behalf of his son Timothy Arnett against Walgreen Company, Inc. ("Defendant"). Doc. 8. Defendant filed a motion to dismiss on statute of limitations grounds. Doc. 14. On January 15, 2015, this Court granted the motion to dismiss without leave to amend. Doc. 20. Judgment was entered against Plaintiff on January 15, 2015. Doc. 21. On February 5, 2015, Plaintiff filed a notice of appeal. Doc. 22. On February 9, 2015, the Court of Appeals referred the matter back to the district court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. Doc. 25.[1] On February 27, 2015, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)

---

[1] The Referral Notice indicates that if the district court elects to revoke in forma pauperis status, the district court should notify the Court of Appeals and the parties of such determination within 21 days; if the district court does not revoke in forma pauperis status, such status will continue automatically for the appeal. Doc. 25. The Court does not believe that this limited Referral Notice impacts in any way the jurisdictional analysis set forth herein.

1

of this Court's order on the motion to dismiss. Doc. 26.[2]

Because Plaintiff filed a notice of appeal on February 5, 2015, the Court must first consider whether it has jurisdiction over Plaintiff's motion for reconsideration. As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *See Natural Res. Defense Council, Inc. v. Sw. Marine Inc*., 242 F.3d 1163, 1166 (9th Cir. 2001). Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(4)(B)(i) allows a district court to amend a judgment, even when a notice of appeal has been filed, in certain situations. *See* Fed. R. App. P. 4(a)(4)(B)(i). Appellate Rule 4(a)(4)(B)(i) provides:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Appellate Rule 4(a)(4)(A) identifies several types of motions including motions to alter or amend the judgment under Federal Rule of Civil Procedure 59 and motions for relief from a judgment or order under Federal Rule of Civil Procedure 60. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

Appellate Rule 4(a)(4)(B)(i) does not specify whether it operates when the motion at issue is filed <u>after</u> the notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i). The Transmittal Note to the 1993 Amendment to Appellate Rule 4(a)(4) states that a "notice [of appeal] filed <u>before</u> the filing of one of the specified motions or after the filing of a motion but before the disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." (Emphasis added). Although the Ninth Circuit has not expressly addressed this issue, "recent case law suggests that it would embrace the Advisory Committee's interpretation of Appellate Rule 4(a)(4)," permitting suspension of a notice of appeal upon the subsequent, timely filing of one of the specified motions. *Yousefian v. City of Glendale*, No. CV 11–

---

[2] The motion for reconsideration indicates that it was "executed" by Plaintiff, who is incarcerated, on February 23, 2015, but the motion was not filed with this Court until February 27, 2015.

03579, 2013 WL 948743, at *1 (C.D. Cal. Mar.11, 2013) (citing *Crawford v. Kingdom of Saudi Arabia*, No. CV 11–05206, 2012 WL 3638628, at *3 (N.D. Cal. Aug. 22, 2012) (explaining that Ninth Circuit held appeal in abeyance pending district court's resolution of a post-judgment motion filed after the notice of appeal but within Rule 4(a)(4)'s 28-day time period)); *Galyean v. I.R.S.*, No. C13-1570JLR, 2013 WL 6230382, at *3 (W.D. Wash. Dec. 2, 2013).

However, in order to get the benefit of Appellate Rule 4(a)(4), a Federal Rule of Civil Procedure 60 motion must be "filed no later than 28 days after judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). The court entered judgment on January 15, 2015. Doc. 21. Accordingly, the 28-day window for the filing of a Federal Rule of Civil Procedure 60(b) motion expired on February 12, 2015. Even if the Court were to deem Plaintiff's motion for reconsideration filed on the day it was "executed," February 23, 2015, the motion was not timely for purposes of Appellate Rule 4(a)(4). Therefore, the notice of appeal is not suspended pursuant to Appellate Rule 4(a)(4)(B)(i) and this Court lacks jurisdiction over the pending motion for reconsideration. Accordingly Plaintiff's motion for reconsideration is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **March 11, 2015**           /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE